Chief Judge Cooke
(dissenting). I agree that plaintiff is a private individual with respect to his defamation claim and that Chapadeau v Utica Observer-Dispatch (38 NY2d 196) sets forth the applicable standard by which to measure defendants’ conduct. Because plaintiff failed to make *633 out a prima facie case under Chapadeau, defendants’ motion for summary judgment should have been granted and the complaint dismissed. I, therefore, respectfully dissent.
Plaintiff raised no substantial question that defendants had not “acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties” (Chapadeau v Utica Observer-Dispatch, supra, at p 199). The unverified complaint contains mere general, conclusory statements. In the only affidavit submitted in opposition to defendants’ motion, plaintiff’s father stated that he told the defendant reporter that his son had not been arrested. Uncontradicted, however, were the reporter’s sworn statements that the police chief confirmed that plaintiff “had indeed been arrested on a criminal mischief charge” and that the Town Justice told him “that ‘the case’ was due to be heard in his court at a later date.” Also uncontroverted is the reporter’s statement that, when contacted by the reporter, plaintiff did not deny that he had been arrested and told the reporter merely “that the arrest ‘was all a joke * * * that was taken care of’ ”.
There is thus no triable issue as to whether defendants acted in a grossly irresponsible manner. The complaint should therefore have been dismissed. In light of this disposition, I find it unnecessary to determine the vitality and applicability of Edwards v National Audubon Soc. (556 F2d 113, cert den sub nom. Edwards v New York Times Co., 434 US 1002).
Order affirmed, etc.